UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ATLANTIC CASUALTY INSURANCE
COMPANY,
    *Plaintiff*,

v.

THOMAS ROBINSON et al.,
    *Defendants*.

No. 3:15-cv-001631 (JAM)

**RULING GRANTING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT**

This insurance case principally involves the scope of an assault-and-battery exclusion within a commercial general liability policy. Plaintiff Atlantic Casualty Insurance Company (Atlantic) has invoked this Court's diversity jurisdiction seeking declaratory relief that it has no duty to defend or to indemnify for injuries stemming from a brutal attack that occurred on the premises of Atlantic's policyholder. Because I conclude that the incident clearly falls within the scope of the assault-and-battery exclusion in the insurance policy, I will grant Atlantic's motions for summary judgment.

**BACKGROUND**

This federal lawsuit is related to a prior state court complaint that was filed by Thomas Robinson against Paul Kopacz and Jon St. Pierre. Doc. #42-4. Robinson's state court complaint alleges that Kopacz owned a paving and landscaping business in Milford, Connecticut at which he employed Robinson. On December 2, 2006, Kopacz instructed Robinson to remain at his place of business overnight to prepare for a job early the next morning. That morning, Kopacz enlisted the help of St. Pierre to come to the premises to obtain certain so-called "business information" from Robinson by whatever means were required. St. Pierre proceeded to attack

Robinson with a two-by-four and with steel-toed boots, then doused him with gasoline and lit him on fire.

St. Pierre was found guilty of first-degree assault and third-degree arson, and Robinson eventually settled the state court case against Kopacz and St. Pierre for several million dollars. Atlantic had issued a commercial general liability insurance policy for Kopacz. Atlantic has filed this lawsuit for declaratory relief against Robinson, Kopacz, and St. Pierre. Default judgment has already entered against Kopacz and St. Pierre, and now Atlantic seeks summary judgment against Robinson.[1]

## DISCUSSION

Summary judgment may be granted only if there is no genuine issue of fact for trial, and I must view the facts in the light most favorable to the non-moving party. *See* Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (*per curiam*). Of course, an insured's duty to defend is broader than the duty to indemnify. "An insurer's duty to defend . . . is determined by reference to the allegations . . . in the [underlying] complaint." *Community Action for Greater Middlesex City, Inc. v. American Alliance Insurance Co.*, 254 Conn. 387, 398-99 (2000). The duty to defend does not depend on whether the insured will ultimately be found liable. "If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." *Community Action*, 254 Conn. at 398-99.

Atlantic argues that several provisions of the policy exclude coverage for the conduct that injured Robinson. Whatever the merits of the other arguments, it is at least clear to me that there was no possible coverage under the policy because of the very explicit exclusion for

---

[1] Atlantic has also moved for summary judgment as to Robinson's counterclaims, but the parties agree that identical legal and factual considerations govern both motions.

incidents arising from assault and battery. The policy contained the following language, under a section titled "Exclusion – Assault and/or Battery":

> This insurance does not apply to and we have no duty to defend any claims or "suits" for "bodily injury "property damage" or "personal and advertising injury" arising in whole or in part out of:
>
> (a) The actual or threatened assault or battery whether caused by or at the instigation or direction of any insured . . . or any other person;
>
> (b) The failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or
>
> (c) The negligent employment, investigation, supervision, training or retention of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) or (b) above.

Doc. #1-1 at 43.

As Robinson concedes, Connecticut courts have consistently found nearly identical provisions unambiguous and enforceable. *See Kelly v. Figueoredo*, 223 Conn. 31, 37 (1992). It is also clear from my reading of the state court complaint that Robinson "describes no . . . manner in which he sustained his injuries" other than from an assault and battery at the hands of St. Pierre. *See Clinch v. Generali-U.S. Branch*, 110 Conn. App. 29, 39 (2008).

Robinson nonetheless argues that there is a potential fact issue about whether Kopacz's conduct was outside the terms of the exclusion. He contends that Kopacz's alleged failure to warn or caution St. Pierre against harming Robinson is not excluded from coverage. Similarly, he contends that Kopacz's alleged negligent invitation to St. Pierre to enter the premises and their alleged "joint venture" to obtain information from Robinson falls outside the policy exclusion. *See* Doc. #47 at 3.

Robinson argues that the "exclusion does not necessarily preclude coverage for all actions 'arising . . . out of' an assault or battery but only those suits where the assault was

3

'caused by or at the instigation or direction of any insured, his employees, patrons or any other person.'" Doc. #47 at 3. But Robinson neglects key terminology of the policy, which excludes coverage not just for assault itself, but also for "the failure of any insured . . . to prevent or suppress assault or battery." Any liability that Kopacz may have for Robinson's injuries could only arise *either* from his doing or causing the assault and battery *or* his failing to prevent it. Construing the policy words to have their natural and ordinary meaning, both of these possibilities are excluded from coverage. *See Community Action*, 254 Conn. at 399.

Other case law confirms that any negligence or other wrongful acts by Kopacz that led to the assault-and-battery on Robinson are excluded by this policy language. For example, in *Clinch*, the Connecticut Appellate Court held that an insurer—whose policy had a nearly identical assault and battery exclusion to the one at issue here—had no duty to defend a bar owner for liability arising from an assault and battery the owner had failed to prevent in his establishment. *See* 110 Conn. App. at 38-40; *see also Montpelier US Ins. Co. v. Boku LLC*, 2014 WL 1246767, at *8-*12 (D. Conn. 2014); *CX Re Insurance Co. v. Melissa's Cafe, LLC*, 2008 WL 2951816, at *3-*4 (D. Conn. 2008).

## CONCLUSION

I conclude that the insurance policy issued by Atlantic clearly excluded liability arising from assault and battery and that the conduct alleged here clearly falls within the scope of this exclusion. Therefore, Atlantic's motions for summary judgment are GRANTED. Judgment shall enter for Atlantic, and the Clerk of Court shall close the case.

It is so ordered.

Dated at New Haven this 8th day of June 2016.

/s/     Jeffrey Alker Meyer

Jeffrey Alker Meyer
United States District Judge